[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Brown, intermarried at East Hartford, Connecticut on March 10, 1979; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are two minor children issue of the marriage, Eric N. Schulman, born September 4, 1985 and Eileen K. Schulman, born November 4, 1986; that there were no CT Page 8819 other minor children born to the defendant since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
Plaintiff testified that the breakdown of the marriage of the parties was because of a lack of sex for nine years, a lack of intimacy with the defendant; verbal abuse from the defendant over his cooking, cleaning and miscellaneous housework; defendant's bad temper with children; that she abused the children resulting in an investigation by the DCF of Connecticut and that the defendant did not accept plaintiff's desire to dress in women's clothes on occasion.
The defendant testified that there was a lack of communication between the parties; that plaintiff's parents never accepted her since she is of the Catholic faith and he is of the Jewish faith; that plaintiff's parents shared this disapproval of defendant by not attending the wedding of the parties; that the plaintiff was verbally abusive to the children on occasion; and that the DCF investigated the alleged abuses and closed its file as it determined the abuse was an isolated affair; that when the defendant learned of plaintiff's desire to dress in women's clothes, she made him vacate the marital premises about 15 months ago.
About five months ago plaintiff's girlfriend moved in with him. He claims this relationship had no affect on the breakdown of the marriage.
It is obvious from the testimony of the parties that the marriage has broken down irretrievably with no hope for reconciliation. I find the plaintiff more at fault for the breakdown of the marriage of the parties.
The plaintiff, who was born July 11, 1952, has high blood pressure for which he takes medication. He graduated college with a Bachelor of Science in Business Administration. He has been employed by Aetna Health Care for about three years as a claims processor and in the office of complaints; works about 47-1/2 hours per week and has a gross weekly income of $863.00 but gets paid bi-weekly. His net weekly income is $674.67.
Previous to his present employment, plaintiff was employed at Levitt's Furniture Company as a Commission Sales Person. Although he earned much more there than he does from his present employment, he left Levitt Furniture Company as it was going into Chapter 11 bankruptcy and because the defendant kept insisting that he find other employment nearer to their home.
The defendant, who was born February 20, 1955, appears to be in good health. She had a melanoma removed from her left leg about five years ago CT Page 8820 and appears to have recovered completely. She also had a lymph gland in her right groin area but none of these have affected her ability to work.
Plaintiff has a Bachelor of Science in Nursing and is employed in the labor room at the Windham Hospital in Willimantic, Connecticut. Her allotted working hours are 32 hours per week. Occasionally overtime is available to her if she applies for same. Since her separation from the plaintiff, the defendant has had to work overtime to earn more needed income. According to her financial affidavit dated July 11, 2000, her net weekly income from her allotted time and overtime is $620.96.
The parties own a marital home at 21 Ledge Road, Lebanon, Connecticut which was appraised by a real estate appraiser at $142,500.00. Both parties disagree as to said value. The plaintiff thinks the property has a value of $150,000.00 while the defendant thinks it has a value of $105,000.00. The property is assessed for tax purposes in the Town of Lebanon at $86,500.00 and is subject to a mortgage of $58,000.00 more or less.
The property, which is an updated lake cottage, has about 1800 square feet of living area and is located in a rural area about 150 yards from the water on a dead end gravel road. It consists of three bedrooms, a den, a living room, a kitchen, three bathrooms and a finished basement. It does not have a garage but has two sump pumps because of water in basement. The house does not have running water and city sewerage. It has a septic system with a bad leeching field.
The defendant testified that a three bedroom house about a city block away recently sold for $99,500.00. Unfortunately the parties did not introduce the appraiser's written evaluation or call the appraiser to testify. The court finds the value of said property to be $125,000.00 and the equity therein about $67,000.00.
In addition plaintiff has numerous financial funds, which are considered marital assets and which are listed on his financial affidavit. He also owns a 1990 Oldsmobile Cutlass automobile valued at $500.00.
The defendant has a Liberty Bank checking and savings account totaling $4,600.00± and a 1999 Pontiac Grand Am with an equity of $3,000.00. It is subject to a $9,000.00± lien.
After considering all of the factors in Connecticut General Statutes §§ 46b-62, 66a, 81 and 82 and the evidence, judgment is entered dissolving the marriage of the parties on the ground of irretrievable CT Page 8821 breakdown. Therefore, it is ordered:
1. The parties shall share joint legal custody of the minor children with their primary care to the defendant. The plaintiff shall have reasonable rights of visitation as follows:
— every Wednesday from 5:30 p.m. to 8:30 p.m. with the hours extended to 9:30 p.m. during the summer when the children are not in school.
— alternate weekends as the parties agree except that the alternation schedule be rotated every January to accommodate defendant's employment schedule.
— one week each summer vacation upon 90 days advance written notice provided by plaintiff.
— plaintiff to have the children alternating Thanksgiving vacations (Wednesday through Saturday morning with the rotation starting so that the parent who had the children in 1999 will have them in odd numbered years thereafter.
— plaintiff to have the children every Christmas Eve until 9:00 p.m. and defendant shall have the children every Christmas Eve from 9:00 p.m. through Christmas Day.
2. The plaintiff shall pay to the defendant child support of $200.00 per week. The defendant shall provide his W-2 statement to the defendant each year on or before February 10th.
3. The plaintiff shall take the minor child Eileen as a dependent on his income tax and the defendant shall take Eric as a dependent on her income tax. When the oldest child can no longer be taken as a dependent on the defendant's income tax, the parties shall alternate taking the youngest child as a dependent for income tax purposes beginning with the defendant.
4. No alimony is awarded to either party.
5. The defendant shall maintain the currently existing medical and dental insurance for the minor children at her current place of employment. The cost of same and the unreimbursed medical expenses are to be paid equally by the parties.
6. The plaintiff shall maintain his currently existing life insurance policy naming the children as beneficiaries of said policy during their CT Page 8822 minority. The plaintiff is to provide defendant with proper authorization yearly so that she can verify the existence of said policy and the named beneficiaries.
7. The plaintiff shall quit claim to the defendant all of his interest in the marital home located at 21 Ledge Road, Lebanon, Connecticut within 30 days. Plaintiff shall pay all mortgages, liens on said property and all expenses of ownership and hold the plaintiff harmless on same. The defendant shall issue to the plaintiff a promissory note for the sum of $25,000.00 without interest, said note to be secured by a mortgage on the premises and payable within 90 days of the youngest child's graduation from high school unless the defendant wishes to refinance the mortgage and pay the note to the plaintiff.
8. The plaintiff shall transfer to the defendant one-half of the current balance in his Fidelity IRA, Putnam IRA and Aetna 401K. Said transfers shall be accomplished without either party incurring any tax liability because of the transfer.
9. The plaintiff shall receive one-half of the accrued benefit in the defendant's Hartford Hospital defined benefit pension plan by proper and necessary documents without either party incurring any tax liability because of this transfer.
10. The parties shall share equally the current balance in their mutual funds which include the MFS funds, the Oppenheimer funds and the Putnam funds.
11. Each party shall own the automobile currently in their possession and each shall be solely responsible for any liens, loans, etc., on said automobile.
12. The defendant shall keep her Liberty Bank checking and savings accounts.
13. Each party shall pay the debts listed on their respective financial affidavits.
14. Each party shall pay their own attorney's fees.
Vasington, JTR